# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Amparo PEREZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:05cv1075 (PCD) |
| | : | |
| WALLINGFORD HOUSING | : | |
| AUTHORITY, | : | |
|     Defendant. | : | |

## RULING ON MOTION TO DISMISS

Defendant moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the action for lack of subject matter jurisdiction [Doc. No. 9]. For the reasons stated herein, Defendant's Motion to Dismiss is **granted**.

## I.    BACKGROUND

Defendant filed the instant Motion to Dismiss on September 6, 2005. Plaintiff failed to respond to Defendant's motion within the permitted time period, but in deference to her pro se posture[1], we issued an Order to Show Cause why the case should not be dismissed on January 30, 2006, directing Plaintiff to respond on or before February 15, 2006, telling the Court why Defendant's motion should not be granted. Plaintiff failed to respond on or before February 15, 2006, however, on March 9, 2006, Plaintiff responded to the order, saying that she did not respond previously because she was in the process of being evicted and had no access to her mail. While Plaintiff presented a legitimate reason for not responding to the prior Order, her

---

[1]     In <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the Supreme Court instructed lower courts to hold pro se plaintiffs to "less stringent standards." Similarly, the Second Circuit requires district courts to grant pro se plaintiffs special leniency on procedural matters. See <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996).

response failed to address the issue at hand, i.e., why the Court should not dismiss the case.

Accordingly, on March 15, 2006, we entered a second Order to Show Cause, directing Plaintiff

to show cause on or before March 27, 2006 why Defendant's Motion to Dismiss should not be

granted, warning Plaintiff that a failure to respond in accordance with this order may result in this

Court's granting of Defendants' motion to dismiss or, alternatively, Defendants' motion may be

granted absent opposition pursuant to the terms of the Supplemental Order.[2]  Plaintiff again

failed to respond.

  According to Defendant, this case has already been litigated to conclusion in the

Connecticut State Court system.  Def's Mem. Supp. Mot. Dismiss at 1.  Defendant originally

filed suit against Plaintiff in Connecticut Superior Court and on October 6, 2004, the parties

moved to enter a stipulated agreement providing that judgment would enter in favor of

Wallingford Housing Authority with a stay of execution until December 31, 2004.  See

Stipulated Agreement of the Parties ¶ 1, attached as Def's Exh. 1.  The parties' motion was

granted and the Judgment by Stipulation entered on October 8, 2004.  See Def's Exh. 2.  Plaintiff

(and state court defendant) appealed the judgment and the Appellate Court dismissed the appeal

on March 8, 2005.  See Def's Exh. 3.  Following that dismissal, Plaintiff petitioned the

Connecticut Supreme Court for certification for appeal, however, Plaintiff's petition was denied

on June 15, 2005.  See Housing Authority of the Town of Wallingford v. Perez, 274 Conn. 908,

876 A.2d 1198 (2005), attached as Def's Exh. 4.

  Plaintiff resides at 39B Wharton Brook Drive in Wallingford, Connecticut and is a tenant

---

[2] Number 8 of the Supplemental Order provides: "Any motion filed in compliance with this Order
without opposition may be granted absent opposition."

of Defendant.  On July 5, 2005, Plaintiff brought a one-count complaint for wrongful eviction for

non-payment of rent against Defendant.  In her complaint, Plaintiff states that both she and

Defendant are citizens of the State of Connecticut.  Compl. § A ¶¶ 1-2.  Plaintiff alleges that

Defendant wrongfully evicted her for non-payment of rent because she had made a partial

payment of rent and her rent had not been adjusted nor had she been reimbursed for damages

resulting from problems with the boiler.  Accordingly, Plaintiff claims that she cannot be evicted

for non-payment of rent.  Compl. § C.

## II.     STANDARD OF REVIEW

A case can properly be dismissed, pursuant to Rule 12(b)(1), for lack of subject matter

jurisdiction when the court lacks the statutory or constitutional power to adjudicate it.  Makarova

v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1).  Plaintiff, as the

party asserting subject matter jurisdiction, has the burden of establishing that it exists, Malik v.

Meissner, 82 F.3d 560, 562 (2d Cir. 1996), and the court should not draw argumentative

inferences in her favor.  Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198

(2d Cir. 1992).  When considering a motion to dismiss for lack of subject matter jurisdiction, the

court "must determine whether or not the factual predicate for subject matter exists."  Tilley v.

Anixter Inc., 283 F. Supp. 2d 729, 733 (D. Conn. 2003).  In doing so, however, the court must

accept the facts alleged in the complaint as true and "may not dismiss a complaint unless it

appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove

no set of facts which would entitle him to relief."  Jaghory v. New York State Dep't of Educ.,

131 F.3d 326, 329 (2d Cir. 1997) (quotation marks omitted).

As stated previously, Plaintiff is proceeding pro se.  The Second Circuit has repeatedly

cautioned that because "most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002).  The Second Circuit has also emphasized that "pro se litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover," and, accordingly, "[i]t is enough that they allege that they were injured, and that their allegations can conceivably give rise to a claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005).  It is up to the district court to determine what claims a pro se plaintiff's complaint could raise, and in doing so, "the court's imagination should be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings."  Ford v. New Britain Trans. Co., Case No. 3:03cv150 (MRK), 2005 WL 1785269, at *1 (D. Conn. July 26, 2005) (quoting Phillips, 408 F.3d at 130).  Importantly, however, the Court is not required to engage in "rank speculation" in an effort to manufacture a federal claim for pro se plaintiffs, id. at *5, and thus, a court may dismiss a complaint if it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief.  Weixel v. Bd. of Educ. of New York, 287 F.3d 138, 145-46 (2d Cir. 2002).

## III.   DISCUSSION

### A.   Federal Question and Diversity Jurisdiction

Federal courts have limited subject matter jurisdiction, such that they can only adjudicate cases presenting federal questions, cases or controversies arising under the Constitution and laws of the United States, 28 U.S.C. § 1331, and cases arising out of diversity of citizenship, i.e., cases involving citizens of different states, 28 U.S.C. § 1332.  Accordingly, cases filed in federal

district courts must present a claim arising out of either 28 U.S.C. §§ 1331 or 1332.

Plaintiff's claim also does not present a federal question.  28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's claim is based on the common law claim for wrongful eviction and as such, it does not arise under the Constitution, laws, or treaties of the United States.  Accordingly, this Court is unable to exert jurisdiction over Plaintiff's claim based on a federal question.

Plaintiff asserts that both she and Defendant are citizens of the State of Connecticut, and therefore, the claim cannot be based on diversity jurisdiction.  28 U.S.C. § 1332(a) states, in relevant part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000 . . . and is between . . . citizens of different states."  Plaintiff resides in Wallingford, Connecticut and is a citizen of the State of Connecticut.  Compl. § A ¶ 1.  Defendant's principle office is in Wallingford and Defendant is also a citizen of the State of Connecticut.  Id. § A ¶ 2.  Accordingly, the parties are not citizens of different states and this Court cannot exert original jurisdiction over this claim.

### B.    Rooker-Feldman Doctrine

The Court is also precluded from adjudicating Plaintiff's claims by the Rooker-Feldman doctrine.  Because only the United States Supreme Court has jurisdiction to review a final decision of a state court, the Rooker-Feldman doctrine bars lower federal courts from exercising jurisdiction over claims that have already been decided, or that are "inextricably intertwined" with issues that have already been decided, by a state court.  Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27, 29 (2d Cir. 2003); see also Rooker v. Fidelity Trust Co., 263 U.S. 413

(1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  Plaintiffs'

claims are paradigmatic of those barred by this doctrine, i.e., "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

<u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280 (2005).  Plaintiff, after losing

on the same claim at all levels of the state court, is prohibited from seeking collateral review of

the state court decisions in this court.  <u>See</u> <u>Book v. Tobin</u>, Case No. 3:04cv442 (JBA), 2005 U.S.

Dist. LEXIS 17275, at *, 2005 WL 1981803, at *3 (D. Conn. Aug. 16, 2005).  Accordingly, the

Rooker-Feldman doctrine precludes this Court from proceeding on Plaintiff's claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 9] is **granted**.  The

Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, March  _28_ , 2006.


_____/s/_____

Peter C. Dorsey, U.S. District Judge
District of Connecticut

6